ELLIS, Judge.
This is a tort suit in which plaintiff, Edward R. Dickinson, is seeking damages for personal injuries suffered by him in an industrial accident on September 25, 1968. Defendants are Sachse Electric, Inc. and Aetna Casualty & Surety Company, its public liability insurer. After trial on the merits, judgment was rendered in favor of plaintiff for $1200.00, and plaintiff has appealed. Defendants have answered the appeal asking for a reversal of the judgment below or for a reduction in the award.
The accident happened when plaintiff was walking by a pipe threader operated by employees of Sachse. Just as he was passing the machine, it was turned on and the pipe contained therein began to rotate, striking plaintiff in the left upper abdo *297 men. He testified that he was knocked three feet into the air and fell back against a work table nearby.
Defendants claim that plaintiff was contributorily negligent in failing to see the pipe in front of him and in not avoiding it. The contention is without merit. The evidence shows that the threader was not actuated until plaintiff was right next to the pipe. Until that time, there was nothing for him to avoid. No warning was given that the machine was going to be started up. Under those circumstances, plaintiff was not guilty of negligence proximately causing the accident.
The principal question here presented is that of quantum. Plaintiff contends that this accident aggravated a pre-existing back condition, as a result of which he is seriously incapacitated.
The record reveals that plaintiff injured his back in an automobile accident in April, 1967. As a result thereof, he was operated on by Dr. J. M. Moore, an orthopedic surgeon, in August, 1967. Dr. Moore removed a portion of an intervertebral disc. According to Dr. Moore, plaintiff was recovering from his operation, and, when seen on April 1, 1968, had no complaints referable to his back.
We note, however, that plaintiff was wearing a back brace when the accident herein happened, and that he had told his foreman that he had a bad back when he first came on the job.
After the accident on September 25, 1968, plaintiff saw Dr. C. E. Blunck, complaining of pain in the left upper chest. Dr. Blunck diagnosed a severe contusion of the left upper chest. X-rays taken the next day were normal, and plaintiff complained of no back pain.
On September 28, plaintiff saw Dr. Moore in Vicksburg, complaining of abdominal pain and back pain. Dr. Moore did not examine him and told him to return to Dr. Blunck. On September 30, plaintiff saw Dr. Blunck, complaining of headache and abdominal discomfort. He also mentioned back pain, which Dr. Blunck did not associate with this accident.
Because of his continuing chest pain, plaintiff was hospitalized on October 3, 1968, and was seen in consultation by Dr. George J. Azar, Sr., a surgeon, and Dr. Thomas Campanella, an orthopedist. Dr. Azar made an extensive examination of plaintiff in connection with his complaints of chest pain and found no treatment indicated. Dr. Campanella examined him just before he left the hospital to determine if there were any orthopedic complications. Dr. Campanella also saw plaintiff and examined him again on May 13, 1969.
Plaintiff was examined by Dr. Moore on February 23, 1970, just before Dr. Moore’s deposition was taken.
Drs. Blunck, Azar and Campanella were all of the opinion that plaintiff’s back difficulties were not related to the accident of September 25, 1968.
Dr. Moore testified that plaintiff’s condition had deteriorated significantly since April 1, 1968, and he felt that the accident of September 25, 1968, had aggravated his back difficulties.
The district judge chose to accept the testimony of Drs. Blunck, Azar, and Campanella, and we cannot say that he committed manifest error in so doing. We also find that the award of $1200.00 made to plaintiff is , within the broad range of discretion of the trial judge.
Finally, plaintiff complains that he was not awarded special damages proved on the trial of the case. In his brief, he lists a number of prescriptions which he claims were given in connection with the injury herein. We find that these were never properly identified by any witness in the case. Further, practically all of them were on prescription of Dr. Moore, who never treated plaintiff in connection with this accident. There is no showing that *298 the others were administered in connection with this accident.
The judgment appealed from is, therefore, affirmed, at plaintiff’s cost.
Affirmed.